Electronically Filed
Supreme Court
SCWC-14-0000883
29-JUN-2015
03:35 PM

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

ZACHARY FRED BAILEY,
Respondent/Plaintiff-Appellee,

vs.

BURRELLE DAVID DUVAUCHELLE, TRUSTEE UNDER
DUVAUCHELLE FAMILY TRUST U/D/T DATED AUGUST 14, 2008,
Petitioner/Defendant-Appellant.

SCWC-14-0000883

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-14-0000883; CIV. NO. 06-1-0218(1))

JUNE 29, 2015

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY RECKTENWALD, C.J.

In Jenkins v. Cades Schutte Fleming & Wright, 76
Hawaiʻi 115, 869 P.2d 1334 (1994) (per curiam), this court set
forth principles for determining whether an order or other
decision of the circuit court is appealable.  Id. at 119, 869

P.2d at 1338. Those principles were rooted in our "policy against piecemeal appeals[,]" and were intended to "simplify and make certain the matter of appealability." Id. at 118-19, 869 P.2d at 1337-38.

This case requires us to determine the applicability of those principles in the context of motions brought under Hawaiʻi Rules of Civil Procedure (HRCP) Rule 60(b).

Specifically, this case requires us to determine whether an order deciding a motion that was purportedly filed pursuant to HRCP Rule 60(b) is appealable, where the underlying ruling from which the party sought Rule 60(b) relief was not appealable. We hold that such an order is not appealable.

## I.  Background

This case arises from a dispute over a flag lot parcel of land in Pukoʻo, located on the Island of Molokaʻi, County of Maui, State of Hawaiʻi (Parcel 27 or the "parcel").

On February 13, 2009, Respondent/Plaintiff-Appellee Zachary Fred Bailey alleged in an amended complaint that Petitioner/Defendant-Appellant Burrelle David Duvauchelle, Trustee Under Duvauchelle Family Trust U/D/T Dated August 14, 2008 (hereinafter, "Duvauchelle"), was violating Bailey's "right, title and interest in and to, and use, possession, occupancy, control, and full enjoyment" of Parcel 27, including the flagpole portion. Bailey alleged that Duvauchelle, owner of an adjacent

parcel (Parcel 59), "unlawfullly, trespassed, ousted and prevented Bailey's access to Parcel 27, improperly used the flagpole portion of Parcel 27, and appropriated the flagpole portion of Parcel 27 for [his] own private use and purpose."

Bailey alleged that he was the fee simple owner of Parcel 27, including the flag pole portion.  Specifically, Bailey alleged that on December 11, 1990, Laurence H. Dorcy, Jr., conveyed Parcel 27 to Bailey by warranty deed.  Bailey also alleged that on October 2, 1984, William F. Petersen and Mary Kekahaualani Petersen (collectively, the "Petersens") conveyed Parcel 27 to Dorcy by agreement of sale, and on December 14, 1990, the Petersens conveyed Parcel 27 to Dorcy by warranty deed. In the amended complaint, Bailey named Dorcy as a defendant, but did not name the Petersens.

Bailey raised eight claims for relief, as follows: ouster (Count I), declaratory relief (Count II), temporary restraining order/injunctive relief (Count III), appropriation (Count IV), trespass (Count V), easement by necessity (Count VI), breach of warranty against Dorcy (Count VII), and punitive damages (Count VIII).

With respect to Count II, Bailey alleged, in pertinent part, that:

> 51.  Bailey is entitled to a judicial determination of his rights in and to all of Parcel 27, including the flagpole portion; to wit, that:  (a) Bailey is the rightful owner of Parcel 27, including the flagpole portion; (b) Defendants Duvauchelle have no right,

> title or interest in or to any portion of Parcel 27,
> including the flagpole portion; and (c) Defendants
> Duvauchelle's acts and omissions constitute an
> unlawful, improper and unreasonable interference with
> Bailey's ownership, use, possession, occupancy,
> development and full enjoyment of Parcel 27.  This
> determination is necessary and appropriate to
> ascertain the rights, duties and obligations of
> Defendants Duvauchelle and Bailey.

Dorcy's answer to Bailey's amended complaint contained a third-party complaint against Mary Petersen for breach of warranty, which the Circuit Court of the Second Circuit (circuit court) later dismissed for lack of service.[1]

After numerous filings by the parties, the circuit court entered orders granting Bailey's motions for summary judgment regarding record title and adverse possession, which related specifically to Bailey's claim for declaratory relief in Count II.

On October 25, 2010, the circuit court entered a final judgment in favor of Bailey on Count II (declaratory relief). The circuit court declared that Bailey was "the rightful owner in fee simple" of Parcel 27, including the flag pole portion; Duvauchelle did "not own or have any legal or equitable right, title or interest to any portion of Parcel 27, including the flag pole portion by deed, devise or adverse possession"; and Bailey was entitled to "immediate and exclusive use, right and possession of all of Parcel 27[.]"  The circuit court further stated "[t]here is no just reason for delay in the entry of a

---

[1]    The Honorable Joel E. August presided.

judgment with respect to [Count II] as it fully and finally resolves the question of title to and ownership of Parcel 27 and the flag pole portion."[2]

Duvauchelle appealed, and the Intermediate Court of Appeals (ICA) affirmed and entered a judgment on appeal on August 14, 2012. Duvauchelle did not seek certiorari review.

Subsequently, Bailey attempted to obtain a stipulation from Duvauchelle for voluntary dismissal of the remaining claims for relief, i.e., Counts I, and III through VIII, pursuant to HRCP Rule 41(a)(1),[3] but was unsuccessful. Bailey next moved for

_____

[2]     HRCP Rule 54(b) (2000) provides as follows:

> When more than one claim for relief is presented in an
> action, whether as a claim, counterclaim, cross-claim,
> or third-party claim, or when multiple parties are
> involved, the court may direct the entry of a final
> judgment as to one or more but fewer than all of the
> claims or parties only upon an express determination
> that there is no just reason for delay and upon an
> express direction for the entry of judgment. In the
> absence of such determination and direction, any order
> or other form of decision, however designated, which
> adjudicates fewer than all the claims or the rights
> and liabilities of fewer than all the parties shall
> not terminate the action as to any of the claims or
> parties, and the order or other form of decision is
> subject to revision at any time before the entry of
> judgment adjudicating all the claims and the rights
> and liabilities of all the parties.

(Emphases added).

[3]     HRCP Rule 41(a)(1) (2012) provides:

> An action may be dismissed by the plaintiff without
> order of court (A) by filing a notice of dismissal at
> any time before the return date as provided in Rule
> 12(a) or service by the adverse party of an answer or
> of a motion for summary judgment, or (B) by filing a
> stipulation of dismissal signed by all parties who
> have appeared in the action. Unless otherwise stated
> in the notice of dismissal or stipulation, the

(continued...)

a court order of voluntary dismissal of those claims pursuant to HRCP Rule 41(a)(2)[4] (Motion for Order of Voluntary Dismissal).

After an April 18, 2013 hearing on the Motion for Order of Voluntary Dismissal,[5] the circuit court entered an order granting the Motion for Order of Voluntary Dismissal on June 26, 2013.

On July 16, 2013, the circuit court entered a purported final judgment on the Motion for Order of Voluntary Dismissal, which stated as follows:

> In accordance with Rule 58 of the Hawaiʻi Rules

---

[3](...continued)
> dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States, or of any state, territory or insular possession of the United States an action based on or including the same claim.

(Emphases added).

[4]     HRCP Rule 41(a)(2) (2012) provides:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.  If a counterclaim has been pleaded by a defendant prior to the service upon that defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

(Emphasis added).

[5]     The Honorable Rhonda I.L. Loo presided from that point forward.

At the hearing, Duvauchelle, appearing pro se, stated that he opposed the Motion for Order of Voluntary Dismissal because he planned to file a Rule 60(b) motion to present new evidence that would void the October 25, 2010 judgment.

> of Civil Procedure, and pursuant to the Order Granting
> Plaintiff Zachary Fred Bailey's Motion for Order of
> Voluntary Dismissal With Prejudice the First Claim for
> Relief, and the Third Through Eighth Claims for Relief
> of Plaintiff's First Amended Complaint, filed
> February 13, 2009, Filed March 20, 2013 ("Order of
> Dismissal"), filed herein, which dismissed the First
> Claim for Relief, and the Third through Eighth Claims
> for Relief with prejudice, those being the only
> remaining claims in the First Amended Complaint, filed
> by Plaintiff Zachary Fred Bailey on February 13, 2009,
>
> IT IS ORDERED, ADJUDGED AND DECREED that Final
> Judgment is hereby entered on the Order of Dismissal.
> No other claims, parties or issues remain in this
> case.

Duvauchelle appealed from the July 16, 2013 judgment, and on January 15, 2014, the ICA entered an order dismissing the appeal for lack of appellate jurisdiction (First Dismissal Order).  The ICA held that the July 16, 2013 judgment did "not satisfy the requirements for an appealable final judgment" under Hawaiʻi Revised Statutes (HRS) § 641-1(a),[6] HRCP Rule 58,[7] and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 869 P.2d, 1334 (1994) (per curiam).  As discussed in further detail below, <u>Jenkins</u> set forth specific requirements for appeals

---

[6]    HRS § 641-1(a) (Supp. 2014) provides, as it did at the time of Duvauchelle's appeal, that "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees . . . ."

[7]    HRCP Rule 58 (2010) provides:

Unless the court otherwise directs and subject to the
provisions of Rule 54 of these rules and Rule 23 of
the Rules of the Circuit Courts, the prevailing party
shall prepare and submit a proposed judgment. The
filing of the judgment in the office of the clerk
constitutes the entry of the judgment; and the
judgment is not effective before such entry.  The
entry of the judgment shall not be delayed for the
taxing of costs.  Every judgment shall be set forth on
a separate document.

from circuit court rulings.  Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338.

The ICA first concluded that the July 16, 2013 judgment did not need to resolve Count II (declaratory relief) because the circuit court entered a HRCP Rule 54(b) certified judgment with regard to that count on October 25, 2010.  The ICA next concluded that, nevertheless, the July 16, 2013 judgment was required to but did not "resolve all remaining claims in the case" because the judgment did not:  (1) "expressly enter judgment in favor of or against the appropriate parties on [Counts I, and III through VIII]" or "expressly dismiss those claims"; (2) "address, much less resolve" claims against the third parties, i.e., Dorcy or Mary Petersen; or, alternatively, (3) contain the language necessary for HRCP Rule 54(b) certification.

Duvauchelle did not seek certiorari review.  Further, there is no indication in the record that after the ICA's First Dismissal Order, the circuit court amended, or that the parties requested that the circuit court amend, the circuit court's July 16, 2013 judgment so as to make it appealable.

On April 3, 2014, Duvauchelle moved to vacate the July 16, 2013 judgment and June 26, 2013 order pursuant to HRCP Rule 60(b)(1)-(4)[8] (Rule 60(b) Motion).  Duvauchelle argued that

_____

[8]     HRCP Rule 60(b) (2006) provides:

(continued...)

the circuit court "reversibly erred dismissing the remainder of [Bailey's] claims where Duvauchelle was in the process of moving to vacate the [October 25, 2010] final judgment based on newly discovered evidence proving the judgment was void." Duvauchelle appeared to argue that the circuit court's dismissal of Counts I, and III through VIII with prejudice was error because it precluded Duvauchelle from moving to vacate the October 25, 2010 judgment, pertaining to Count II (declaratory relief), based on newly discovered evidence. Bailey alleged that he intended to

---

⁸(...continued)
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a <u>final judgment</u>, order, or proceeding for the following reasons: <u>(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void</u>; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

(Emphases added).

introduce "new survey evidence [that] came to light only after the [ICA] decided this case," which would establish that Bailey's survey of Parcel 27 was "defective" and that "mistakes [were] made on the boundaries and misrepresentation made on the meets [sic] and bounds of the disputed properties."  Duvauchelle did not request that the circuit court amend the July 16, 2013 judgment to be appealable, in accordance with the ICA's First Dismissal Order.

In opposition, Bailey first argued that Duvauchelle was "time-barred" by HRCP Rule 60(b) from challenging the October 25, 2010 final judgment.  Bailey contended that Duvauchelle's time to file a Rule 60(b)(2) (new evidence) motion to vacate the October 25, 2010 final judgment had expired on October 25, 2011.[9]

Bailey next argued that the ICA's affirmance of the October 25, 2010 final judgment in its August 14, 2012 judgment on appeal was "the law of the case."  (Initial capitalizations omitted).  Bailey contended that the October 25, 2010 final judgment and August 13, 2012 judgment on appeal established that "(1) Bailey is the fee simple owner of Parcel 27, including the flag pole portion, and (2) the Duvauchelles had not acquired

---

[9]  Under HRCP Rule 60(b), motions based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); [and] (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party," must be made "within a reasonable time" and "not more than one year after the judgment, order, or proceeding was entered or taken."

title to the flag pole portion by adverse possession." Bailey contended that although a trial court is "free to hear" a Rule 60(b) motion, it must accord deference to the rulings of the appellate court.

Bailey also argued that "Duvauchelle's purported 'new evidence' is insufficient to warrant [HRCP] Rule 60(b)(2) relief" to vacate either the October 25, 2010 final judgment or the July 16, 2013 judgment. (Initial capitalizations omitted). Bailey contended that relief under Rule 60(b)(2) was "time-barred" and that Duvuachelle's purported new evidence, i.e., "a summary of various, previously 0used surveys, . . . deeds, and maps" was "really belated 'expert' opinion that Duvauchelle could have obtained years ago."

Finally, Bailey argued that relief under HRCP Rules 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect) and 60(b)(3) (fraud, misrepresentation, or other misconduct of an adverse party) was "time-barred," and that in any event, Rules 60(b)(1), 60(b)(3), and 60(b)(4) (void judgment) were inapplicable.

In reply, Duvauchelle argued that the Rule 60(b) Motion was "not tardy, as the judgment was filed July 16, 2013 and the Order filed June 26, 2013"; the law of the case doctrine was inapplicable because Duvauchelle had "newly discovered evidence which [would] change the result"; Duvauchelle's new evidence

-11-

satisfied the "new-evidence rules"; Rules 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect) and 60(b)(4) (void judgment) were applicable; and "the judgment was obtained by illegitimate means and basically a fraud on the Court."

After a May 1, 2014 hearing on the Rule 60(b) Motion, the circuit court entered an order denying the motion on May 14, 2014.

Duvauchelle appealed to the ICA, and on October 10, 2014, the ICA entered an order dismissing the appeal for lack of appellate jurisdiction (Second Dismissal Order). The ICA noted that under Ditto v. McCurdy, 103 Hawaiʻi 153, 80 P.3d 974 (2003), post-judgment orders are generally appealable without entry of a separate judgment pursuant to HRCP Rule 58 and Jenkins, 76 Hawaiʻi 115, 860 P.2d 1334. The ICA concluded, however, that the Order re Rule 60(b) Motion was not appealable because the circuit court had not entered a valid final judgment on the underlying claims at issue (Counts I, and III through VIII).

Referencing its First Dismissal Order, the ICA concluded that neither the July 16, 2013 judgment nor the June 26, 2013 order constituted an appealable final judgment and therefore, the Order re Rule 60(b) Motion was "interlocutory" and not appealable.

The ICA concluded that because there was no valid final judgment on Counts I, and III through VIII, when Duvauchelle

-12-

submitted the Rule 60(b) Motion, "he was not actually invoking the circuit court's authority under HRCP Rule 60(b) to grant relief from a judgment, but, instead, . . . was invoking the circuit court's inherent authority to revise any and all interlocutory orders prior to the entry of a judgment."

The ICA noted that in the federal courts, the test for determining whether a judgment is final for purposes of seeking relief under Federal Rules of Civil Procedure (FRCP) Rule 60(b) is usually the same as the test for determining whether a judgment is final for purposes of a direct appeal. The ICA cited to United States v. Martin, 226 F.3d 1042 (9th Cir. 2000), in which the United States Court of Appeals for the Ninth Circuit explained that "[FRCP] Rule 60(b) . . . applies only to motions attacking final, appealable orders[.]" Id. at 1048 n.8.

Finally, the ICA stated that the Order re Rule 60(b) Motion is "an interlocutory order that is potentially eligible for appellate review when and if a party asserts a timely appeal from the entry of a future appealable final judgment that resolves all remaining claims in the case" because under Ueoka v. Szymanski, 107 Hawaiʻi 386, 114 P.3d 892 (2005), appealing from a valid final judgment brings up all interlocutory orders that otherwise would not be directly appealable.

Duvauchelle timely sought certiorari review, presenting the following question:

> Whether the ICA gravely erred and the magnitude of such error or inconsistency dictates the need for further appeal where the ICA dismissed Duvauchelle's appeal based on lack of jurisdiction where the Circuit Court filed a Final Judgment on all of the Bailey claims against Duvauchelle holding no other claims, parties, or issues remain in the case and denied Duvauchelle's post-judgment motions to vacate said judgment.

## II.  Standard of Review

"The existence of jurisdiction is a question of law that [this court] review[s] de novo under the right/wrong standard."  Amantiad v. Odum, 90 Hawai'i 152, 158, 977 P.2d 160, 166 (1999).

## III.  Discussion

The question before us is whether an order deciding a motion that was purportedly filed pursuant to HRCP Rule 60(b) is appealable, where the underlying ruling from which the party sought Rule 60(b) relief was not appealable.  We hold that such an order is not appealable.

HRS § 641-1(a) provides that "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees . . . ."  (Emphasis added).

HRCP Rule 54(a) (2000) defines "judgment" as follows: "'Judgment' as used in these rules includes a decree and any order from which an appeal lies.  A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings."  (Emphases added).

-14-

HRCP Rule 54(b), which applies to judgments involving

multiple claims or multiple parties, provides as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final <u>judgment</u> as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.  In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added).

HRCP Rule 60(b), which provides for post-judgment

relief, states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final <u>judgment</u>, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made <u>within a reasonable time</u>, and for reasons (1), (2), and (3) <u>not more than one year after the judgment</u>, order, or proceeding <u>was entered or taken</u>.  A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.  This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.  Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review,

-15-

> are abolished, and the procedure for obtaining any
> relief from a judgment shall be by motion as
> prescribed in these rules or by an independent action.

(Emphases added).

HRCP Rule 58, the separate judgment rule, provides

that:

> Unless the court otherwise directs and subject to the
> provisions of Rule 54 of these rules and Rule 23 of
> the Rules of the Circuit Courts, the prevailing party
> shall prepare and submit a proposed judgment. The
> filing of the judgment in the office of the clerk
> constitutes the entry of the judgment; and the
> judgment is not effective before such entry.  The
> entry of the judgment shall not be delayed for the
> taxing of costs.  Every judgment shall be set forth on
> a separate document.

(Emphasis added).

In Jenkins, this court interpreted the requirements of

HRS § 641-1(a), and HRCP Rules 54 and 58, and explicitly stated

that the opinion was "intended to establish bright line rules so

there will be little doubt in most cases about when an appeal may

be taken."  Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338.

Accordingly, this court held as follows:

> (1) An appeal may be taken from circuit court orders
> resolving claims against parties only after the orders
> have been reduced to a judgment and the judgment has
> been entered in favor of and against the appropriate
> parties pursuant to HRCP 58; (2) if a judgment
> purports to be the final judgment in a case involving
> multiple claims or multiple parties, the judgment (a)
> must specifically identify the party or parties for
> and against whom the judgment is entered, and (b) must
> (i) identify the claims for which it is entered, and
> (ii) dismiss any claims not specifically identified;
> (3) if the judgment resolves fewer than all claims
> against all parties, or reserves any claim for later
> action by the court, an appeal may be taken only if
> the judgment contains the language necessary for
> certification under HRCP 54(b); and (4) an appeal from
> any judgment will be dismissed as premature if the
> judgment does not, on its face, either resolve all

-16-

claims against all parties or contain the finding necessary for certification under HRCP 54(b).[10]

Id. at 119, 869 P.2d at 1338 (emphasis in original); see also Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008) ("[B]ased on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment.").

The purpose of adopting the bright line rule in Jenkins was to relieve the appellate courts of "the burden of searching a voluminous record for evidence of finality . . . ." Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338. This court considered and rejected the approach utilized by federal courts, under which parties can waive the FRCP Rule 58 separate judgment requirement. Id. at 118, 119, 869 P.2d at 1337, 1338.

Subsequently, in Ditto, this court held that "the separate judgment requirement articulated in Jenkins is

---

[10] This court also provided model language for complying with these "bright line rules," as follows:

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $ __ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so; for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawaiʻi at 120 n.4, 869 P.2d at 1339 n.4.

inapposite to the post-judgment context."  Ditto, 103 Hawaiʻi at

158, 80 P.3d at 979.  This court further explained:

> Clearly, the rule in Jenkins--to wit, that circuit
> court orders resolving claims against parties must
> generally be reduced to a judgment and the judgment
> must be entered in favor of or against the appropriate
> parties pursuant to HRCP Rule 58 before an appeal may
> be taken--is limited to circuit court orders disposing
> of claims raised in a circuit court complaint.

Id. at 159, 80 P.3d at 980 (emphasis in original).

Ditto held that "[a]n order denying a motion for post-

judgment relief under HRCP 60(b) is an appealable final order

under HRS § 641-1(a)."[11]  Id. at 160, 80 P.3d at 981.

Accordingly, the circuit court's order denying the plaintiff's

October 9, 2000 Rule 60(b) motion subsequent to entry of judgment

"was an appealable final order . . . ."  Id. at 155, 160, 80 P.3d

at 981, 976.

Although Ditto held that a circuit court's ruling on a

post-judgment motion, including a HRCP Rule 60(b) motion, is

appealable without entry of a Rule 58 separate judgment,[12] Ditto

did not determine whether an order deciding a motion purportedly

filed pursuant to HRCP Rule 60(b) is appealable, where the

---

[11]    Specifically, under Ditto, "a post-judgment order is an appealable
final order under HRS 641-1(a) if the order ends the proceedings, leaving
nothing further to be accomplished.  Correlatively, an order is not final if
the rights of a party involved remain undetermined or if the matter is
retained for further action."  Ditto, 103 Hawaiʻi at 157, 80 P.3d at 978
(citation omitted).

[12]    Indeed, Ditto held that entering a separate judgment on the post-
judgment order at issue was "superfluous" and that the time to appeal started
upon entry of the post-judgment order, not upon later entry of the unnecessary
separate judgment.  Ditto, 103 Hawaiʻi at 159-60, 80 P.3d at 980-81.

-18-

underlying ruling from which the party sought Rule 60(b) relief was not appealable.

Later, in Cho v. State, 115 Hawaiʻi 373, 382, 168 P.3d 17, 26 (2007), this court held that a HRCP Rule 60(b) motion "'is authorized only in situations involving final judgments.'" Id. at 382, 168 P.3d at 26 (2007) (citing Crown Properties, Inc. v. Fin. Sec. Life Ins. Co., 6 Haw. 105, 112, 712 P.2d 504, 509 (App. 1985)); see also Tradewinds Hotel, Inc. v. Cochran, 8 Haw. App. 256, 262, 799 P.2d 60, 65 (1990) ("Rule 60(b) applies to motions seeking to amend final orders in the nature of judgments. . . . The order denying Plaintiff's original motion to enjoin Defendant's alleged unauthorized practice of law was not a final judgment or order."). This court further "defined 'final order' to mean 'an order ending the proceedings, leaving nothing further to be accomplished.'" Cho, 115 Hawaiʻi at 383, 168 P.3d at 27 (citing Bobalcos v. Kapiolani Med. Ctr. for Women & Children, 89 Hawaiʻi 436, 439, 974 P.2d 1026, 1029 (1999)).

Cho held that the trial court's order imposing discovery sanctions was "merely interlocutory" because the order was "not a final order" and because a "final judgment or order had not yet been entered at the time the State filed its [purported Rule 60(b)] motion for reconsideration." Cho, 115 Hawaiʻi at 383, 168 P.3d at 27. "Accordingly, relief pursuant to HRCP Rule 60(b) was not available[.]" Id. This court further

-19-

concluded that regardless, the trial court had "inherent power" to reconsider the order imposing discovery sanctions because "the trial court has inherent power to reconsider interlocutory orders." Id. at 383-84, 168 P.3d at 27-28. Cho, however, did not decide whether the principles of finality set forth in Jenkins were applicable to judgments underlying HRCP Rule 60(b) motions.

We now hold that relief under HRCP Rule 60(b) requires an underlying judgment that comports with the principles of finality set forth in Jenkins. Absent an underlying appealable final judgment, the circuit court's rulings on a purported Rule 60(b) motion are interlocutory and not appealable until entry of such a judgment. Cho, 115 Hawai'i at 383-84, 168 P.3d at 27-28; see Ueoka v. Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) ("An appeal from a final judgment 'brings up for review all interlocutory orders not appealable directly as of right which deal with issues in this case.'") (quoting Pioneer Mill Co. v. Ward, 34 Haw. 686, 694 (Haw. Terr. 1938)). Correlatively, until entry of an appealable final judgment, the timing requirements that would otherwise apply to HRCP Rule 60(b) motions are inapplicable. See Carter v. Beverly Hills Savings & Loan Ass'n, 884 F.2d 1186, 1189 (9th Cir. 1989) (stating, "the time requirements of Rule 60(b) only commence running upon 'entry' of final judgment that complies with Rule 58," and "[i]t

-20-

follows that where a final judgment complying with Rule 58 was never entered, a post-judgment motion may not be deemed untimely.").

This approach comports with the plain language of HRCP Rules 54 and 60(b), and 58.  Rule 54(a) defines "judgment" for purposes of the rules as "any order <u>from which an appeal lies</u>." (Emphasis added).  Rule 54(b) requires "entry of final <u>judgment</u>" before a party may appeal from a ruling involving multiple claims or multiple parties.  (Emphasis added).  Similarly, Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final <u>judgment</u>, order, or proceeding."  (Emphasis added).  Rule 58 states that "[e]very <u>judgment</u> shall be set forth on a separate document."  (Emphasis added).  There is nothing in the plain language of the rules to indicate that a "judgment" for purposes of an appeal under Rule 54 and Rule 58 differs from a "judgment" for purposes of seeking relief under Rule 60(b).

In addition, federal case law also supports this approach.  <u>See</u> <u>United States v. Martin</u>, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) ("Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders."); <u>United States v. Baus</u>, 834 F.2d 1114, 1119 (1st Cir. 1987) ("The stated test for finality under Rule 60(b), like that of Rule 54, is whether the judgment is appealable."); <u>see also</u> 12 James W.M. Moore, et al.,

Moore's Federal Practice § 60.23 at 60-81 & n.6 (3d ed. 2014) (stating that "[t]he standard test for whether a judgment is 'final' for Rule 60(b) purposes is usually stated to be whether the judgment is sufficiently 'final' to be appealed," and "'[f]inality' for Rule 60(b) purposes is usually identical to 'finality' required for appeal"); id. § 60.03 at 60-25 ("[A] party who contemplates filing a Rule 60(b) motion in litigation that involves multiple claims or multiple parties must consult Rule 54(b) to determine whether the judgment or order from which relief is sought is 'final.'").

Further, interpreting a "judgment" for purposes of seeking relief under HRCP Rule 60(b) differently from a "judgment" for purposes of an appeal would complicate appellate procedure and create the types of problems that Jenkins was intended to eliminate.  Similar to Jenkins, this decision is intended to "simplify and make certain the matter of appealability."  Jenkins, 76 Hawaiʻi at 118, 869 P.2d at 1337.

Without an underlying appealable final judgment, the appellate court would bear the "burden of searching the often voluminous circuit court record," id. at 119, 869 P.2d at 1334, to determine whether a HRCP Rule 60(b) motion was timely filed, i.e., "within a reasonable time" or "not more than one year" after the judgment.  Relatedly, the appellate court would be tasked with deciphering the nature and scope of the circuit

-22-

court's underlying non-final ruling for purposes of reviewing the merits of an appeal from a ruling on a purported Rule 60(b) motion.

In sum, relief under HRCP Rule 60(b) requires an underlying judgment that comports with the principles of finality set forth in Jenkins. Therefore, the ICA did not err in concluding that it lacked appellate jurisdiction to review the Order re Rule 60(b) Motion.

This case illustrates the problems that can arise when the requirements of finality set forth in Jenkins are not met. The circuit courts are required to render appealable final judgments that comport with the requirements of Jenkins, and should resolve any material deficiency in a judgment that is brought to their attention. Where a party requests that the circuit court enter an appealable judgment after an appellate court dismisses an appeal for lack of appellate jurisdiction based on non-compliance with Jenkins, and the circuit court intended its ruling to be final and appealable, the circuit court must enter an appealable judgment.[13] Also, upon learning of such a dismissal and determining that there are no further proceedings in the appellate courts, the circuit court should consider appropriate steps to correct the deficiency, including directing

---

[13] If the circuit court denies a party's request to amend such judgment, the party may seek relief in this court. See Hawaiʻi Rules of Appellate Procedure Rule 21 (2010).

the prevailing party to prepare and submit a proposed appealable final judgment. See HRCP Rule 58.  Lastly, we emphasize that the parties should assist the courts in ensuring that appealable final judgments are entered, including when an appellate court dismisses an appeal on that basis.[14]

### IV.  Conclusion

For the foregoing reasons, we affirm the ICA's October 10, 2014 "Order Dismissing Appeal for Lack of Appellate Jurisdiction."

| | |
|---|---|
| R. Steven Geshell and Hayden Aluli for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Jade Lynne Ching and Melissa M. Uhl for respondent | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |



---

[14]    Indeed, the lack of a final judgment can have adverse consequences for the parties.  As illustrated here, until entry of an appealable final judgment, a non-final judgment may indefinitely be subject to a purported Rule 60(b) motion.