**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000164
22-APR-2020
10:09 AM

NO. CAAP-20-0000164

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

PENNYMAC LOAN SERVICES, LLC, Plaintiff/Counterclaim-
Defendant/Appellee, v. LUCAS R. ORTEGA; RAMONALEE LEHUA ORTEGA,
Defendants/Counterclaim-Plaintiffs/Appellants, v.
ASSOCIATION OF UNIT OWNERS OF GREEN HOMES AT LUALUALEI;
HAWAII HOUSING FINANCE AND DEVELOPMENT CORPORATION,
A PUBLIC BODY AND A BODY CORPORATE AND POLITIC OF
THE STATE OF HAWAIʻI; GREEN HOMES AT LUALUALEI, LLC,
JOHN DOES 1-20, et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 18-1-0730-05 (JHC))

ORDER GRANTING APRIL 3, 2020 MOTION TO
DISMISS APPEAL FOR LACK APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Upon review of (1) the April 3, 2020 motion by
Plaintiff/Counterclaim-Defendant/Appellee PennyMac Loan Services,
LLC (PennyMac), to dismiss appellate court case number CAAP-20-
0000164 for lack of appellate jurisdiction, (2) the lack of any
memorandum by Defendants/Counterclaim-Plaintiffs/Appellants
Lucas R. Ortega and Ramonalee Lehua Ortega (the Ortegas) in
response to PennyMac's motion, and (3) the record, it appears
that we lack appellate jurisdiction over the Ortegas' appeal from
the Honorable Jeannette H. Castagnetti's February 28, 2020 order
granting PennyMac's motion for summary judgment on the Ortega's
counterclaim, because the circuit court has not yet adjudicated
Pennymac's complaint, or entered a certified judgment under
Rule 54(b) of the Hawaiʻi Rules of Civil Procedure (HRCP), and,

thus, the circuit court has not yet entered an appealable final judgment.

An aggrieved party cannot obtain appellate review of a circuit court's dispositive orders in a civil case pursuant to Hawaii Revised Statutes (HRS) § 641-1(a)(2016) until the circuit court reduces the dispositive rulings to an appealable final judgment pursuant to HRCP Rules 58 or 54(b).  See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) ("An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]").  "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015).  "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869P.2d at 1338 (original emphasis). Absent a final judgment as to all claims and all parties, or a certified judgment under HRCP Rule 54(b), we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that PennyMac's April 3, 2020 motion to dismiss this appeal is granted, and appellate court case number CAAP-20-0000164 is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawai'i, April 22, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge

2