**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000093
28-MAY-2020
10:05 AM**

NO. CAAP-20-0000093

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

EDWARD QUIRING, Plaintiff/Counterclaim-Defendant/Appellant, v.
THE ASSOCIATION OF APARTMENT OWNERS OF PAPAKEA,
Defendant/Counterclaim-Plaintiff/Appellee,
and, JOHN DOES 1-100, JANE DOES 1-100, DOE PARTNERSHIPS 1-100,
AND DOE CORPORATIONS 1-100, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC181000217(1))

ORDER GRANTING MAY 18, 2020 MOTION TO DISMISS APPELLATE COURT
CASE NUMBER CAAP-20-0000093 FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Upon review of (1) Defendant/Counterclaim-Plaintiff/
Appellee Association of Apartment Owners of Papakea's (Papakea)
May 18, 2020 motion to dismiss appellate court case number CAAP-
20-0000093 for lack of appellate jurisdiction, (2) the May 26,
2020 memorandum in opposition to Papakea's May 18, 2020 motion by
Plaintiff/Counterclaim-Defendant/Appellant Edward Quiring
(Quiring), and (3) the record, it appears that we lack appellate
jurisdiction over Quiring's appeal from the January 30, 2020
order granting Papakea's motion to compel discovery, because the
circuit court has not yet adjudicated and entered final judgment
on the parties' multiple causes of action in Civil No. 18-1-
0217(1).

"An appeal may be taken . . . only after the orders
have been reduced to a judgment and the judgment has been entered

in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawaiʻi 482, 489, 353 P.3d 1024, 1031 (2015). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawaiʻi at 120, 869 P.2d at 1339 (footnote omitted). On April 2, 2020, the circuit court clerk filed the record on appeal for appellate court case number CAAP-20-0000093, which does not include a final judgment.

Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), the January 30, 2020 order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998); Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016).

We note that, when analyzing whether an order compelling discovery was appealable under the collateral order doctrine, the Supreme Court of Hawaiʻi has "h[e]ld that there is no appellate jurisdiction over interlocutory appeals from discovery orders, [even] despite a claim of attorney-client privilege." Abrams, 88 Hawaiʻi at 323, 966 P.2d at 635 (footnote omitted); Brende v. Hara, 113 Hawaiʻi 424, 429, 153 P.3d 1109, 1114 (2007) ("Discovery orders are not immediately appealable[.]"). "In the exceptional case, parties are not without a remedy. A petition for writ of mandamus is available

2

for extraordinary situations."  Abrams, 88 Hawaiʻi at 323, 966 P.2d at 635 (footnote omitted).

Even to the extent that one views the January 30, 2020 order as a "sanction order" because it awards attorneys' fees and costs in favor of Papakea and against Quiring pursuant to HRCP Rule 37(a)(4)(A), the Supreme Court of Hawaiʻi has held that an interlocutory sanction order against a party is appealable under the "collateral order doctrine" only if "the order directed payment of the assessed sum and was immediately enforceable through contempt proceedings."  Harada v. Ellis, 60 Haw. 467, 480, 591 P.2d 1060, 1070 (1979).  Although the January 30, 2020 order imposes an award of attorneys' fees and costs against Quiring in a specific amount, it does not appear to be immediately enforceable through contempt proceedings.  Therefore, the January 30, 2020 order does not qualify as appealable sanction order under the collateral order doctrine and the holding in Harada.  Absent an appealable final judgment, Quiring's appeal from the January 30, 2020 order is premature, and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that Papakea's May 18, 2020 motion to dismiss Quiring's appeal from the January 30, 2020 order is granted, and CAAP-20-0000093 is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, May 28, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge