**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000128
12-JUN-2020
09:26 AM**

NO. CAAP-20-0000128


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MARY ANN O. FERNANDES, Plaintiff/Counterclaim-Defendant/
Appellant/Cross-Appellee, MARY ANN K. BODE, in her capacity as
attorney in fact for MARY ANN O. FERNANDES,
Plaintiff/Appellant/Cross-Appellee, v. ANNETTE HASHIMOTO,
Defendant/Counterclaim-Plaintiff/Appellee, and ALAN HASHIMOTO,
Defendant/Counterclaim-Plaintiff/Appellee/Cross-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 5CC161000099)


ORDER
DENYING MAY 22, 2020 MOTION TO TEMPORARILY REMAND CASE
AND
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Upon review of (1) Plaintiff/Counterclaim-Defendant/
Appellant/Cross-Appellee Mary Ann O. Fernandes's (Fernandes) and
Plaintiff/Appellant/Cross-Appellee Mary Ann K. Bode's (Bode)
May 22, 2020 motion for a temporary remand, (2) the lack of any
response by Defendant/Counterclaim-Plaintiff/Appellee Annette
Hashimoto (Annette Hashimoto),[1] <u>self-represented</u>, and

---

[1]     Although Alan Hashimoto purported to assert his April 6, 2020
notice of cross-appeal on behalf of both himself and Annette Hashimoto, Alan
Hashimoto is not licensed to practice law in Hawaiʻi.  Under HRS § 605-2
(2016) and HRS § 605-14 (2016), non-attorneys such as Alan Hashimoto "are not
permitted to act as attorneys and represent other natural persons in their
causes." <u>Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc.</u>, 60 Haw.
372, 377, 590 P.2d 570, 573 (1979) (citation and footnote omitted).  In fact,
"[a]ny person violating sections 605-14 to 605-16 shall be guilty of a
misdemeanor."  HRS § 605-17 (2016).  As the lone signatory of the April 6,

Defendant/Counterclaim-Plaintiff/Appellee/Cross-Appellant Alan Hashimoto (Alan Hashimoto), <u>self-represented</u>, to Fernandes's and Bode's May 22, 2020 motion, and (3) the record, it appears that we lack appellate jurisdiction over Fernandes's and Bode's appeal and Alan Hashimoto's cross-appeal from the Honorable Randal G.B. Valenciano's October 1, 2019 findings of fact, conclusions of law and order and the February 21, 2020 order granting Fernandes's motion to dismiss Alan Hashimoto. Further, the requested temporary remand is unwarranted, because Fernandes and Bode expressly concede in their May 22, 2020 motion that the circuit court indicated it would <u>not</u> enter a final judgment at this time because the circuit court indicated that it should have denied the motion to dismiss Alan Hashimoto.

Fernandes and Bode correctly observe that this court lacks appellate jurisdiction over the appeal and cross-appeal in CAAP-20-0000128 because the circuit court has not yet reduced its multiple dispositive interlocutory orders to an appealable final judgment, as Hawaii Revised Statutes (HRS) § 641-1(a) (2016) requires under Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994) (In civil circuit court cases, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]"). "[B]ased on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008); <u>Bailey v. DuVauchelle</u>, 135 Hawaiʻi 482, 489, 353 P.3d 1024, 1031 (2015). The appeal and cross-appeal in CAAP-20-0000128 are premature.

2020 notice of cross-appeal, Alan Hashimoto is the lone cross-appellant.

In Fernandes's and Bode's May 22, 2020 motion, they specifically request that this court temporarily remand this case to the circuit court with either (a) instructions for the circuit court to amend the February 21, 2020 order granting Fernandes's motion to dismiss Alan Hashimoto or (b) instructions "mandating" that the circuit court enter an appealable final judgment. However, in the absence of an appealable final judgment, the circuit court has retained jurisdiction to alter or amend all past interlocutory orders, despite the pending appeal. "[G]enerally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA Int'l Ltd. v. Shimizu Corp., 92 Hawaiʻi 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). "The general rule, however, assumes that the notice of appeal is valid under the applicable statutory provisions and procedural rules. Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court." State v. Ontiveros, 82 Hawaiʻi 446, 449, 923 P.2d 388, 391 (1996) (citations omitted; emphasis added). Absent an appealable final judgment, Fernandes's and Bode's March 10, 2020 notice of appeal and Alan Hashimoto's April 6, 2020 notice of cross-appeal were jurisdictionally defective and failed to transfer jurisdiction to the Hawaiʻi Intermediate Court of Appeals. The circuit court presently retains jurisdiction to alter or amend any of its past interlocutory orders.

Fernandes and Bode correctly note that the Supreme Court of Hawaiʻi now holds that, if the record on appeal indicates that the circuit court has resolved all claims against all parties, the only thing lacking to perfect an aggrieved party's right to obtain appellate review is the entry of the final judgment, and the record does not reveal any legitimate reason why the circuit court has not entered a final judgment, then the Hawaiʻi Intermediate Court of Appeals should invoke HRS § 602-57(3) (2016) and temporarily remand the case to the circuit court with instructions to enter and supplement the record on

appeal with an appealable final judgment.  <u>Waikiki v. Hoʻomaka Village Ass'n of Apartment Owners</u>, 140 Hawaiʻi 197, 204, 398 P.3d 786, 793 (2017) (footnote omitted).  However, the present case is distinguishable from the circumstances in <u>Waikiki</u>, where the court observed that "[i]t is unclear why the circuit court did not enter a final judgment."  <u>Id.</u> (footnote omitted).  In the present case, Fernandes and Bode have expressly represented to this court that the circuit court indicated that it will not enter a final judgment because the circuit court now believes that it should have denied the motion to dismiss Fernandes's and Bode's complaint as to Alan Hashimoto.  The record also shows that the parties have proposed multiple final judgments, but the circuit court has not approved any of them.  When, as here, a circuit court has indicated that it is not yet ready to enter a final judgment because the circuit court has not yet finally adjudicated all of the causes of action, a temporary remand pursuant to HRS § 602-57(3) and the holding in <u>Waikiki</u> is unwarranted.

Therefore, IT IS HEREBY ORDERED that Fernandes's and Bode's May 22, 2020 motion for a temporary remand is denied.

IT IS FURTHER HEREBY ORDERED that the appeal and cross-appeal in appellate court case number CAAP-20-0000128 are dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, June 12, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

4