*** FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCWC-16-0000011
30-JUN-2017
10:18 AM

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

RAEVYN WAIKIKI,
Respondent/Plaintiff-Counterclaim Defendant-Appellee,

vs.

HO'OMAKA VILLAGE ASSOCIATION OF APARTMENT OWNERS,
Respondent/Defendant-Cross-Claim Plaintiff-Appellee,

and

VIOLET JHUN,
Petitioner/Defendant-Cross-Claim Defendant-Counterclaim
Plaintiff-Third-Party Plaintiff-Appellant,

and

WADE KIOSHI KALEOLANI SHIMOJO,
Respondent/Third-Party Defendant-Appellee.

SCWC-16-0000011

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-16-0000011; CIV. NO. 13-1-2391-09)

JUNE 30, 2017

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, and WILSON, JJ.

PER CURIAM

Petitioner/third-party plaintiff-appellant Violet Jhun

("Jhun") applies for certiorari review of the Intermediate Court

of Appeals' ("ICA") March 15, 2016 order dismissing her appeal

from an unfavorable summary judgment order ("Dismissal Order"). The ICA dismissed Jhun's appeal for lack of appellate jurisdiction based on the absence of an appealable final judgment and also dismissed as moot her motion requesting the ICA compel the circuit court to enter a final judgment. Jhun acknowledges that a final judgment has not been entered in the case and took steps to obtain such a judgment, but was unsuccessful. Entry of a final appealable judgment would have perfected Jhun's appeal.

Based on the record presented on appeal, it appears that all claims against all parties have been resolved and entry of a final appealable judgment was warranted. Accordingly, we vacate the ICA's March 15, 2016 Dismissal Order and remand the matter to the ICA with instructions to temporarily remand the case to the circuit court to enter an appealable final judgment, to direct the circuit court to supplement the record on appeal with the final judgment, and to then proceed to consider the appeal accordingly.

## I. Background

### A. Brief Factual History

Raevyn Waikiki ("Waikiki") and Jhun were neighbors in the Hoʻomaka Village apartment complex in Waipahu, Hawaiʻi. One evening in 2011, as Waikiki was returning to her apartment from walking her dog, she was injured by Jhun's dog.

### B. Procedural History

#### 1. The Lawsuit

On September 4, 2013, Waikiki filed a lawsuit against Jhun and the Hoʻomaka Village Association of Apartment Owners ("AOAO") for monetary damages.[1]  The AOAO answered the complaint and filed a cross-claim against Jhun.  Jhun answered the complaint and filed a counterclaim against Waikiki, claiming that Waikiki's dog bit and injured her.  Jhun also filed a third-party complaint against Wade Shimojo ("Shimojo"), who lived with Waikiki, alleging that Shimojo and Waikiki's dog provoked Jhun's dogs earlier in the day prior to the attack.  Additionally, Jhun answered the cross-claim filed by the AOAO.

Jhun's counterclaim against Waikiki was dismissed early in the case.

In 2015, Shimojo moved for summary judgment against Jhun with respect to the third-party complaint.[2]  The circuit court granted the motion and entered a written order on June 18, 2015.  The order provided as follows:

> Third-Party Defendant WADE KIOSHI KALEOLANI
> SHIMOJO's ("Shimojo") Motion for Summary Judgment
> filed herein on March 6, 2015 ("motion") came on for
> hearing before the Honorable Karl K. Sakamoto, Judge
> of the above-entitled Court, on Friday, May 8, 2015 at
> 10:00 a.m., with Janice D. Heidt appearing for
> Plaintiff RAEVYN WAIKIKI ("Plaintiff"), Charlene

---

[1]  The Honorable Karl K. Sakamoto presided over the case.

[2]  Based on a review of the record on appeal, it does not appear that Shimojo filed an answer to the third-party complaint.

> S.P.T. Murata appearing for Defendant HOʻOMAKA VILLAGE, ASSOCIATION OF APARTMENT OWNERS ("AOAO"), Walter R. Schoettle appearing for Defendant and Third-Party Plaintiff VIOLET JHUN ("Jhun") and Daniel T. Kim appearing for Shimojo, due notice having been given. The Court, having reviewed and considered the motion and the reply memorandum filed by Shimojo on April 17, 2015, the memorandum in opposition filed by Jhun on April 14, 2015, the statement of no position filed by AOAO on April 15, 2015, the joinder filed by Plaintiff on April 20, 2015, the oral arguments of counsel, the record and file of the matter and being fully advised in the premises, and good cause appearing therefor,
>
> IT IS HEREBY ORDERED ADJUDGED AND DECREED that Third-Party Defendant WADE KIOSHI KALEOLANI SHIMOJO's Motion for Summary Judgment filed on March 6, 2015 is GRANTED.
>
> This Order may be approved as to form by the parties in counterparts, each of which when executed shall, irrespective of the date of its execution and delivery be deemed an original, and said counterparts together shall constitute one and the same instrument.

The order did not include any language regarding certification under Hawaiʻi Rules of Civil Procedure ("HRCP") Rule 54(b) or any language resolving all of the claims in the action.

Sometime thereafter, Waikiki, Jhun, and the AOAO proceeded to resolve their claims through the Court Annexed Arbitration Program. The arbitrator ultimately determined that Waikiki was 5% at fault, Jhun was 95% at fault, and the AOAO was 0% at fault, and noted that Shimojo was "out on summary judgment." After applying her contributory percentage to the total damages awarded by the arbitrator, Waikiki was awarded $83,094.87. Jhun appealed the arbitrator's decision to the circuit court.

On December 9, 2015, several months after Jhun appealed the arbitrator's decision, Waikiki, Jhun, and the AOAO filed a stipulation, pursuant to HRCP Rule 41(a)(1)(B),[3] dismissing their claims in the lawsuit:

> IT IS STIPULATED AND AGREED by and between Plaintiff/Third-Party Defendant RAEVYN WAIKIKI (hereinafter "Plaintiff")and Defendant HOʻOMAKA VILLAGE, ASSOCIATION OF APARTMENT OWNERS and Defendant/Third-Party Plaintiff VIOLET JHUN (hereinafter "Defendants"), through their respective counsel, that pursuant to Rule 41(a)[(]1)(B) of the Hawaii Rules of Civil Procedure, all claims asserted in the Complaint filed on September 4, 2013 against the Defendants; all Counter-Claims filed November 15, 2013 by Violet Jhun against Raevyn Waikiki; and all Cross-Claims filed September 12, 2013 by Hoʻomaka Village, Association of Apartment Owners against Violet Jhun are hereby dismissed with prejudice.
>     All other claims and parties are dismissed. Each party to this Stipulation shall bear their own attorneys' fees and costs.

The stipulation was signed by Waikiki's counsel, Jhun's counsel, and the AOAO's counsel. Neither Shimojo nor his counsel signed

---

[3]

**Rule 41. Dismissal of actions.**
  **(a) Voluntary dismissal; Effect thereof.**
  (1) BY PLAINTIFF; BY STIPULATION. An action may be dismissed by the plaintiff without order of court (A) by filing a notice of dismissal at any time before the return date as provided in Rule 12(a) or service by the adverse party of an answer or of a motion for summary judgment, or (B) by filing a stipulation of dismissal signed by all parties who have appeared in the action, in the manner and form prescribed by Rule 41.1 of these rules. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States, or of any state, territory or insular possession of the United States an action based on or including the same claim.

the stipulation.

### 2. The Appeal

On January 8, 2016, Jhun filed a notice of appeal in the ICA appealing from the June 18, 2015 summary judgment order on the third-party complaint entered in favor of Shimojo. Jhun cited Hawaiʻi Revised Statutes ("HRS") §§ 641-1(a)[4] and 667-51[5] as the basis for her appeal and contended that the summary judgment order was made final by the December 9, 2015 stipulation that dismissed all the remaining claims and parties.

On February 5, 2016, Shimojo filed a statement contesting jurisdiction. He argued that the December 9, 2015 stipulation for dismissal terminated Jhun's right to relitigate her third-party claims against him and divested the ICA of jurisdiction over the appeal. Shimojo acknowledged that Jhun could have filed an appeal from a final judgment but explained that "a final judgment was never filed, the parties in the ongoing lawsuit settled and filed a Stipulation for Dismissal with prejudice of all claims and all parties which then precluded her from adjudicating the third-party claim again on appeal." Shimojo maintained that once the stipulation was signed, the circuit court lost jurisdiction over the claims in the lawsuit.

---

[4] HRS § 641-1(a) provides that "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court to the intermediate appellate court, subject to chapter 602."

[5] HRS § 667-51 governs appeals in foreclosure cases. Inasmuch as this case is not a foreclosure case, HRS § 667-51 does not provide Jhun a statutory basis for her appeal.

On February 10, 2016, Jhun filed her jurisdictional statement. She conceded that the June 18, 2015 summary judgment order was not final and appealable when it was entered but argued that the execution of the December 9, 2015 stipulation for dismissal was sufficient to render the summary judgment order final and appealable. She noted, however, that at the time the parties executed the stipulation, Shimojo's counsel did not sign the stipulation and, therefore, it was unclear whether the summary judgment order had become final and appealable in the absence of a final judgment. Jhun explained that, to the extent the ICA may determine the appeal to be premature, she had recently mailed a separate final judgment disposing of all of the claims to all parties for approval and, thus, asked the ICA to defer ruling on the jurisdictional issue until the circuit court entered a proper final judgment and she filed an amended notice of appeal.

On February 18, 2016, Jhun submitted a proposed final judgment to the circuit court for approval. The proposed final judgment was not signed by any of the parties and was accompanied with a letter informing the court of the pending appeal and the jurisdictional issue raised by Shimojo. The proposed judgment provided as follows:

7

**FINAL JUDGMENT**

The "ORDER GRANTING THIRD PARTY DEFENDANT WADE KI[]OSHI KALEOLANI SHIMOJO'S MOTION FOR SUMMARY JUDGMENT, FILED MARCH 6, 2015," having been filed herein on June 18, 2015; and all other claims by all other parties having been dismissed by stipulation of the parties thereto, filed herein on December 9, 2015; now, therefor:

IT IS HEREBY ORDERED ADJUDGED AND DECREED that Final Judgment on the said Third-Party Complaint be, and hereby is, entered in favor of Third-Party Defendant, WADE KIOSHI KALEOLANI SHIMOJO, and against Third-Party Plaintiff, VIOLET JHUN.  All other claims by all other parties are dismissed with prejudice, pursuant to the stipulation of the parties thereto, filed on December 9, 2015.  This is a Final Judgment disposing of all of the claims of all of the parties.

By letter dated February 24, 2016, Waikiki and Shimojo objected to the submission of the proposed final judgment on the ground that the circuit court lacked jurisdiction over the case pursuant to the December 9, 2015 stipulation.  They explained that the December 9, 2015 stipulation dismissing all claims and all parties with prejudice amounted to an adjudication on the merits of all issues that were raised or could have been raised in the lawsuit; therefore, any subsequent litigation was barred by res judicata.  In response, Jhun argued that while a HRCP Rule 41(a)(1)(B) stipulation for dismissal of all claims is generally equivalent to a final judgment, the December 9, 2015 stipulation did not include the third-party claim that was previously decided on summary judgment pursuant to the June 18, 2015 summary judgment order.  On March 3, 2016, the circuit court appears to

8

have declined to enter the proposed final judgment.[6]

Subsequently, on March 10, 2016, pursuant to HRS § 602-57(3),[7] Jhun filed a "Motion for Order or Writ in Aid of Jurisdiction" in the ICA. Jhun asked the ICA to issue an order or writ compelling the circuit court to execute a final judgment in the case if the ICA deemed such a judgment was necessary to establish appellate jurisdiction from the June 18, 2015 summary judgment order. Jhun argued that appellate jurisdiction depended upon the finality of the June 18, 2015 summary judgment order on the third party complaint and, therefore, a final judgment must be entered in the case. Jhun contended that, absent action from the ICA, because the circuit court denied the proposed final judgment, it would be necessary to petition the supreme court for a writ of mandamus to compel the circuit court to enter a final judgment and then file another notice of appeal.

By order entered on March 15, 2016, the ICA dismissed the appeal for lack of jurisdiction and dismissed the pending motion. The ICA concluded that, because the circuit court had not yet entered a separate final judgment disposing of all the claims in the lawsuit, it lacked jurisdiction over the appeal:

---

[6] A copy of the document list for the underlying case from the Hawaiʻi State Judiciary's Hoʻohiki electronic database describes the entry for docket number 89 as follows: "(DENIED, 1ST DIVISION) FINAL JUDGMENT[.]" It is unclear from the record the basis upon which the circuit court declined to enter the proposed final judgment.

[7] HRS § 602-57(3) provides that the ICA has jurisdiction "[t]o make or issue any order or writ necessary or appropriate in the aid of its jurisdiction[.]"

9

When a party attempts to assert an appeal from a civil circuit court case, HRS § 641-1(a) and HRCP Rule 58 require that such an "appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins[ v. Cades Schutte Fleming & Wright], 76 Hawaiʻi [115,] 119, 869 P.2d [1334,] 1338 [(1994)] (emphasis added). "Thus, based on Jenkins, and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. Duvauchelle, 135 Hawaiʻi 482, 489, 353 P.3d 1024, 1031 (2015). Furthermore, "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." 76 Hawaiʻi at 119, 869 P.2d at 1338. The Supreme Court of Hawaiʻi noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this case. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (original emphasis). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

On January 28, 2016, the circuit court clerk filed the record on appeal for appellate court case number CAAP-16-0000011, which does not contain an appealable final judgment. Therefore, we lack appellate jurisdiction.

Although the June 18, 2015 interlocutory order completely resolves an entire substantive claim, the

10

> Supreme Court of Hawaiʻi has explained that, "based on
> <u>Jenkins</u> and HRCP Rule 58, an order is not appealable,
> even if it resolves all claims against the parties,
> until it has been reduced to a separate judgment."
> <u>Carlisle</u>, 119 Hawaiʻi at 254, 195 P.3d at 1186;
> <u>Bailey</u>, 135 Hawaiʻi at 489, 353 P.3d at 1031.

(Underlining and some brackets in the original; some brackets added.)  The ICA also noted that the December 9, 2015 stipulation failed to satisfy the requirements of HRCP Rule 41(a)(1)(B) for a voluntary dismissal because it was not signed by Shimojo, who was a party to the lawsuit and who appeared in the action:

> In addition, with respect to the December 9,
> 2015 stipulation to dismiss all claims, we note that
> the parties have failed to comply with the
> requirements of HRCP Rule 41(a)(1)(B) for a
> stipulation to dismiss.  HRCP Rule 41(a)(1)(B)
> provides that a stipulation to dismiss must be "signed
> by all parties who have appeared in the action":
>
>> Rule 41.  Dismissal of actions.
>>     (a) Voluntary dismissal: Effect thereof.
>>         (1) By plaintiff; by stipulation.
>> An action may be dismissed by the plaintiff
>> <u>without order of the court</u> (A) by filing a
>> notice of dismissal at any time before the
>> return date as provided in Rule 12(a) or service
>> by the adverse party of an answer or of a motion
>> for summary judgment, or (B) <u>by filing a
>> stipulation of dismissal signed by all parties
>> who have appeared in the action</u>, in the manner
>> and form prescribed by Rule 41.1 of these rules.
>> Unless otherwise stated in the notice of
>> dismissal or stipulation, the dismissal is
>> without prejudice, except that a notice of
>> dismissal operates as an adjudication upon the
>> merits when filed by a plaintiff who has once
>> dismissed in any court of the United States, or
>> of any state, territory or insular possession of
>> the United States an action based on or
>> including the same claim.
>
> (Emphases added).  In the instant case, Appellee

11

> Shimojo did <u>not</u> sign the December 9, 2015 stipulation to dismiss, despite that Appellee Shimojo appeared in this case. Therefore, the December 9, 2015 stipulation to dismiss does not appear to satisfy the requirements under HRCP Rule 41(a)(1)(B).

(Underlining in the original.)

### 3.    The Application for Writ of Certiorari

On April 14, 2016, Jhun timely filed an application for writ of certiorari, which this court accepted for review. Jhun presents one question -- Did the ICA gravely err by dismissing her appeal for lack of jurisdiction rather than ordering the circuit court to file a final judgment? Jhun argues that her notice of appeal was premature, that she addressed the potential jurisdictional defect in her jurisdictional statement, and that she asked the ICA to refrain from dismissing the appeal but rather allow her to obtain a judgment from the circuit court to perfect her appeal. Jhun explains that based on her perceived jurisdictional defect, she had the option of seeking a writ of mandamus from this court to direct the circuit court to enter a final judgment but chose to seek relief in the ICA pursuant to HRS § 602-57, which would be "just, speedy and inexpensive." Jhun contends that "[t]he modern 'Rules of Civil Procedure were not meant to be a game of skill where one misstep by counsel would be decisive to the outcome.'" (Citing <u>Au v. Au</u>, 63 Haw. 210, 221, 626 P.2d 173, 181 (1981), <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), and <u>Hall v. Kim</u>, 53 Haw. 215, 491 P.2d 541

12

(1971)). Jhun posits that "[t]he rule of Jenkins simply cannot be applied in a case such as this, where the Circuit Court refuses to file a final judgment. Instead, the ICA should have ordered the Circuit Court to file the judgment and assumed jurisdiction pursuant to H.R.A.P., Rule 4(a)(2)." (Italics omitted and underlining added.)

Shimojo timely filed an opposition. Shimojo argues that the ICA properly dismissed the appeal. Shimojo first addresses the ICA's point that the December 9, 2015 stipulation was not signed by him. Shimojo explains that his counsel's failure to sign the stipulation was an oversight because the third-party claims against him had previously been "dismissed" on summary judgment and he was no longer participating in the ongoing litigation. He argued that because the stipulation lacked the signatures of all the parties, it was not a final determination of the case and the circuit court retained jurisdiction.[8]

In reply, Jhun explains that she is not arguing that the ICA has appellate jurisdiction; rather, the appeal is premature and the ICA committed grave error when it "ignored" her motion for an order directing the circuit court to enter a final judgment by dismissing the appeal and denying her motion as moot.

_____

[8] Shimojo states that on March 17, 2016, after the ICA issued its Dismissal Order, a stipulation was filed in the circuit court that included his counsel's counter-part signature. The document referenced by Shimojo is not part of the record in the case before this court.

13

Jhun further contends that the stipulation signed by Shimojo's counsel after the ICA issued its March 15, 2016 Dismissal Order constitutes a "fraud upon the court" because neither Shimojo nor his counsel were parties to the stipulation agreement. Moreover, Jhun argues that Shimojo's counsel's counterpart signature on the stipulation was invalid because at the time of signing (March 17, 2016), counsel no longer represented Shimojo.[9] Jhun asks the court to grant the certiorari application, vacate the ICA's Dismissal Order, and remand the appeal to the ICA to order the circuit court to enter a final judgment and thereafter consider the merits of the appeal.

## II. Discussion

### A. The Requirement of a Final Judgment

In Jenkins, this court set forth principles for determining whether an order or other decision of the circuit court is appealable. Those principles are rooted in this court's "policy against piecemeal appeals[,]" and were intended to "simplify and make certain the matter of appealability." Jenkins, 76 Hawaiʻi at 118-19, 869 P.2d at 1337-338.

HRS § 641-1(a) authorizes appeals in civil matters from "all final judgments, orders, or decrees[.]" To be effective, "[the] appeal must be taken in the manner . . . provided by the

---

[9] On February 5, 2016, before the ICA issued its Dismissal Order, Greg Markham and Keith Kato of Chee Markham & Feldman withdrew as counsel for Shimojo and Richard Turbin and Janice Heidt of Turbin Chu Heidt, who also represent Waikiki, appeared as counsel for Shimojo.

rules of court."  HRS § 641-1(c).  Rule 58 of the Hawaiʻi Rules of Civil Procedure ("HRCP") specifically requires that "[e]very judgment shall be set forth on a separate document[:]"

> Unless the court otherwise directs and subject to the provisions of Rule 54 of these rules and Rule 23 of the Rules of the Circuit Courts, the prevailing party shall prepare and submit a proposed judgment. The filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry.  The entry of the judgment shall not be delayed for the taxing of costs.  Every judgment shall be set forth on a separate document.

Accordingly, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to [HRCP Rule] 58[.]"  Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338.

In cases involving multiple claims or multiple parties, a final judgment may be entered as to one or more of the claims or parties but only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.  In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than

15

all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

HRCP Rule 54(b).

Thus, as aptly stated in Jenkins:

(1) An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP 58; (2) if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified; (3) if the judgment resolves fewer than all claims against all parties, or reserves any claim for later action by the court, an appeal may be taken only if the judgment contains the language necessary for certification under HRCP 54(b); and (4) an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP 54(b).

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (emphasis omitted); see also Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008) ("[B]ased on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment.").

B.   **The ICA Should Have Exercised Its Authority Under HRS § 602-57(3) to Order the Circuit Court to Enter an Appealable Final Judgment**

The June 18, 2015 summary judgment order on the third-party complaint entered in favor of Shimojo, from which Jhun

16

seeks to appeal, has not been reduced to a separate appealable final judgment pursuant to HRS § 641-1, HRCP Rules 54 and 58, and Jenkins.

The record on appeal indicates that all claims against all parties have been resolved. Jhun's third-party claims against Shimojo were disposed of by the summary judgment order; the remaining claims were disposed of by stipulation. The absence of a final judgment appears to be the sole factor hindering Jhun's appeal.

Jhun made several attempts to secure a final judgment. While the appeal was pending, Jhun submitted a proposed final judgment to the circuit court for approval and entry. It is unclear why the circuit court did not enter a final judgment.[10] Jhun also sought relief from the ICA for an order or writ to compel the circuit court to execute a final judgment if the ICA determined that it was necessary to establish jurisdiction but

---

[10] In Bailey v. Duvauchelle, 135 Hawaiʻi 482, 353 P.3d 1024 (2015), we addressed the jurisdictional problems that may arise for litigants when the requirements for finality set forth under Jenkins are not met. We explained the circumstances under which the circuit courts are required to enter an appealable judgment upon a request of a party litigant:

> The circuit courts are required to enter appealable final judgments that comport with the requirements of Jenkins, and should resolve any material deficiency in a judgment that is brought to their attention. When a party requests that the circuit court enter an appealable judgment after an appellate court dismisses an appeal for lack of appellate jurisdiction based on non-compliance with Jenkins, and the circuit court intended its ruling to be final and appealable, the circuit court must enter an appealable judgment.

Bailey, 135 Hawaiʻi at 492, 353 P.3d at 1034 (footnote omitted).

the ICA dismissed the motion as moot after it dismissed the appeal for lack of jurisdiction.

Until the circuit court enters an appealable final judgment, Jhun will not be able to seek review of the June 18, 2015 summary judgment order. In light of the record before this court, and in the interest of judicial economy, the more favorable course is for a final appealable judgment to be entered by the circuit court. Having determined that it lacked jurisdiction over the appeal due to the absence of a final judgment and in light of Jhun's motion requesting that it issue an order directing the circuit court to execute a final judgment, the ICA should have exercised its authority under HRS § 602-57(3)[11] to direct the circuit court to enter an appropriate appealable final judgment. Once an appealable final judgment is entered, the pending appeal will be perfected. See HRAP Rule 4(a)(2) ("If a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for purposes of appeal.").

### III. Conclusion

Based on the foregoing, the ICA's March 15, 2016 Dismissal Order is vacated. The case is remanded to the ICA with instructions to temporarily remand the case to the circuit court

---

[11]  HRS § 602-57(3) authorizes the ICA "[t]o make or issue any order or writ necessary or appropriate in the aid of its jurisdiction[.]"

18

to enter an appealable final judgment, to direct the circuit court to supplement the record on appeal with the final judgment, and to then proceed to consider the appeal accordingly.

| | |
|---|---|
| Walter R. Schoettle<br>for petitioner Violet Jhun | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Richard Turbin, Rai Saint Chu,<br>and Janice D. Heidt<br>for respondent Wade Kioshi<br>Kaleolani Shimojo | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |

