**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000746
18-MAR-2021
08:18 AM
Dkt. 14 ODSLJ**

NO. CAAP-20-0000746

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MELINDA M. MOUQUIN TRUST, THROUGH ITS TRUSTEE, MELINDA M. MOUQUIN, Plaintiff/Counterclaim Defendant-Appellant, v. HALLIENE R. WALKER, Defendant/Counterclaim Plaintiff-Appellee, DOES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC191000039)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Upon review of the record, it appears we lack appellate jurisdiction over Plaintiff/Counterclaim Defendant-Appellant Melinda M. Mouquin Trust, Through its Trustee, Melinda M. Mouquin's (**Mouquin**) appeal from Civil No. 2CC191000039 because the Circuit Court of the Second Circuit (**circuit court**) has not entered a final, appealable judgment.

An aggrieved party cannot obtain appellate review of a circuit court's interlocutory orders in a civil case, under Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016), until the circuit court has reduced its dispositive rulings to an appealable, final judgment under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 58. Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994) ("An appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]").

Here, the February 8, 2021 Judgment is not final and appealable under HRS § 641-1(a) because it expressly does not resolve Defendant/Counterclaimant-Appellee Halliene R. Walker's (**Walker**) counterclaim (**Counterclaim**):  "In light of the outstanding issues, . . . [Walker's] Counterclaim for specific performance is not fully or completely adjudicated."  The Judgment also does not include certification under HRCP Rule 54(b).

Because the circuit court has explicitly indicated it has not resolved all claims against all parties,[1] Waikiki does not apply to require a temporary remand for the entry of an appealable, final judgment.

Further, the Judgment does not fall within an exception to the final-judgment rule under the Forgay doctrine, collateral-order doctrine, or HRS § 641-1(b) (2016).  See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (reciting the requirements for appeals under the collateral order doctrine and the Forgay doctrine); HRS § 641-1(b) (requirements for leave to file an interlocutory appeal).

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of jurisdiction.

DATED:  Honolulu, Hawaiʻi, March 18, 2021.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[1]  On January 14, 2021, the court temporarily remanded the case for entry of a final, appealable judgment under Waikiki v. Hoʻomaka Village Ass'n of Apartment Owners, 140 Hawaiʻi 197, 204, 398 P.3d 786, 793 (2017), because it appeared the circuit court had resolved all claims as to all parties in its November 9, 2020 Order Granting [Walker's] Motion for Summary Judgment Against [Mouquin], Filed July 17, 2020.