**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000333
13-SEP-2021
07:52 AM
Dkt. 97 SO**

NO. CAAP-19-0000333

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

SOUTH POINT INVESTMENT GROUP, LLC, a Hawaii limited liability company, Plaintiff/Counterclaim Defendant-Appellee,
v.
DISCOVERY HARBOUR COMMUNITY ASSOCIATION, a Hawaii nonprofit corporation, Defendant/Counterclaimant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC161000195)

**SUMMARY DISPOSITION ORDER**
(By:  Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant/Counterclaimant-Appellant Discovery Harbour **Community Association** appeals from the "**Judgment** on Findings of Fact, Conclusions of Law, and Order Order [sic] Regarding Plaintiff/Counterclaim Defendant South Point Investment Group, LLC's Motion for Summary Judgment Filed on March 12, 2019" in favor of Plaintiff/Counterclaim Defendant-Appellee **South Point** Investment Group, LLC, entered by the Circuit Court of the Third Circuit on August 22, 2019.[1]  The Judgment contained a finding "that there is no just reason for delay for [sic] entry of judgment as to one or more but fewer than all claims or parties" under Rule 54(b) of the Hawaiʻi Rules of Civil Procedure (**HRCP**). For the reasons explained below, we conclude that the circuit court was not authorized to enter the Judgment under HRCP Rule 54(b), and we must dismiss this appeal for lack of appellate jurisdiction.

---

[1]     The Honorable Henry T. Nakamoto presided.

South Point filed a **Complaint** against the Community Association on May 25, 2016. The Complaint alleged that South Point owned five parcels of land (the **Subject Properties**) in the Discovery Harbour subdivision, located in Kaʻu on Hawaiʻi Island. The Subject Properties consist of two **Commercial Lots** and two or three **Golf Course Lots**.[2] The Complaint alleged:

> 3. This Complaint seeks, *inter alia*, a declaration that the Subject Properties are not a Member [sic] of the [Community Association] and that the [Community Association] lacks authority to regulate, assess fees against or interfere with [South Point]'s development of the Commercial Lots.
>
> 4. [The Community Association] has interfered with [South Point]'s development and use of the Subject Properties by claiming the Subject Properties are members of the [Community Association].
>
> . . . .
>
> 8. [The Community Association] has attempted to collect dues and assessments from the Subject Properties claiming that they are Members of the [Community Association].

A 103-paragraph recitation of factual allegations followed. The Complaint contained six counts, all for declaratory judgment, each of which "incorporates by reference the allegations made in the preceding paragraphs." The prayer for relief sought:

> A. A declaratory judgment that the [Community Association] was not lawfully created pursuant to the Original CC&Rs;
>
> B. A declaratory judgment that the Subject Properties are not Members of the [Community Association] because neither the current owners [sic] nor its predecessors consented to membership;
>
> C. A declaratory judgment that the Golf Course Lots are not subject to the Original CC&Rs;
>
> D. A declaratory judgment that the Golf Course Lots are not Members of the [Community Association];
>
> E. A declaratory judgment that the Commercial Lots are not residential lots under the 1982 Charter and are therefore not Members of the [Community Association];

---

[2] There appears to be some disagreement about whether there are two or three Golf Course Lots. South Point's complaint alleges that the Golf Course Lots are "TMK (3) 9-4-001:019 (Lot 825), TMK (3) 9-4-001:021 (Lot 825 [sic]), and TMK (3) 9-4-001:022 (Lot 821)[.]" However, the Community Association refers to a single "Lot 825" without specifying whether the reference is to TMK (3) 9-4-001:019, or to TMK (3) 9-4-001:021, or to both.

2

F.     A declaratory judgment that the Original CC&Rs do not contain limitations on the development of the Commercial Lots and the [Community Association] has no authority to limit use of the Commercial Lots to residential;

G.     That the [Community Association] be ordered to refund [South Point] any and all amounts paid to the [Community Association] as dues or assessments related to the Subject Properties;

H.     That [South Point] be awarded its attorneys' fees, costs and other expenses of litigation; and

I.     For such other and further relief as this Court deems just and proper.

The Community Association answered the Complaint and filed a **Counterclaim**.  The Counterclaim alleged that the Commercial Lots were subject to the Original CC&Rs and sought a judgment declaring that South Point, as the owner of the Commercial Lots, was a member of the Community Association and subject to the Original CC&Rs.  The Counterclaim did not request any relief concerning the Golf Course Lots.

On August 3, 2017, the Community Association filed a motion for summary judgment on all claims asserted in the Complaint.  The Community Association argued, among other things, that Counts III and IV of the Complaint should be dismissed because both parties agreed the Golf Course Lots were not members of the Community Association, and accordingly there was no "actual controversy" or "antagonistic claims" on that issue to trigger the declaratory judgment statute, Hawaii Revised Statutes (**HRS**) § 632-1.  South Point opposed the motion.  As to the Golf Course Lots, South Point argued:

> In this case, the [Community Association]'s judicial admission alone will not resolve the controversy.  Different boards have taken different positions on whether the Golf Course Lots are subject to the Original CC&Rs and whether they are Members of the [Community Association].  See, Aff. of Clara Lemmens and Aff. of Floyd Smithson hereto; Motion, Declaration of Evelyn I. Eklund and Exs. E, F, G, H, I.  In addition, the fact that a recent audit was undertaken should not provide the Court with any confidence that the controversy is resolved.  The 2008 Board Resolution cites to records back to 1972 having been reviewed and yet the Golf Course Lots were still listed as Members.  In 2010, the [Community Association] was placed on notice of [South Point]'s position and yet persisted for a period of approximately six years that the Golf Course Lots were Members.

3

The Community Association's motion was heard on October 4, 2017.[3]  On October 12, 2017, the circuit court entered a written order denying the motion, finding "that there are genuine issues of material fact."

On June 22, 2018, South Point filed its own motion for summary judgment on all claims asserted in its Complaint.  As to the Golf Course Lots, South Point argued:

> [I]n its Motion for Summary Judgment filed August 3, 2017, the [Community Association] asked the Court to dismiss all of [South Point]'s claims, including Counts III and IV. [The Community Association] averred that Counts III and IV should be dismissed because there was no longer a dispute as [the Community Association] admits that the Golf Course Lots are not subject to the 1972 Declaration and are not members of [the Community Association].  Because the Court denied [the Community Association]'s Motion for Summary Judgment in total, there has been no judicial determination relative to Counts III and IV, and the [Community Association] is estopped from disputing that [South Point] should be entitled to judgment on these counts.

The Community Association opposed the motion.  However, as to the Golf Course Lots, the Community Association reiterated its position that there was no "actual controversy" or "antagonistic claims" upon which to base a declaratory judgment under HRS § 632-1.

South Point's motion was heard on November 14, 2018.[4] On March 12, 2019, the circuit court entered "Findings of Fact, Conclusions of Law, and **Order** Regarding Plaintiff/Counterclaim Defendant South Point Investment Group, LLC's Motion for Summary Judgment, Filed June 22, 2018."  The Order granted South Point's motion for summary judgment as to Counts III and IV of the Complaint, but denied the motion as to Counts I, II, V, and VI of the Complaint.  The circuit court determined pursuant to HRCP Rule 54(b) that there was no just reason for delay and directed entry of a final judgment on Counts III and IV of the Complaint.

The Community Association filed a notice of appeal on April 9, 2019.  We temporarily remanded this case, pursuant to

---

[3]     The Honorable Harry P.N. Freitas presided.  The record does not include a transcript of the hearing.

[4]     The Honorable Henry T. Nakamoto presided.  The record does not include a transcript of the hearing.

<u>Waikiki v. Hoʻomaka Vill. Ass'n of Apartment Owners</u>, 140 Hawaiʻi 197, 204, 398 P.3d 786, 793 (2017) and <u>State v. Joshua</u>, 141 Hawaiʻi 91, 93, 405 P.3d 527, 529 (2017), for entry of a separate judgment that comported with HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). The circuit court entered the Judgment on August 22, 2019.

The Community Association's opening brief states five points of error. The one we find dispositive contends that the circuit court erred by certifying the Judgment as final under HRCP Rule 54(b). A trial court's decision to enter an HRCP Rule 54(b) certification of finality is reviewed under a dual standard: whether the court was authorized to enter an HRCP Rule 54(b) certification is a question of law reviewed de novo; the court's decision to utilize its authority under HRCP Rule 54(b) is reviewed for abuse of discretion. <u>Elliot Megdal & Assocs. v. Daio USA Corp.</u>, 87 Hawaiʻi 129, 132, 952 P.2d 886, 889 (App. 1998). We conclude as a matter of law that the circuit court was not authorized to certify the Judgment as final under HRCP Rule 54(b).

HRCP Rule 54 states, in relevant part:

> (b) Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In <u>Elliot Megdal & Assocs.</u> we noted that HRCP 54(b) is substantially identical to Rule 54(b) of the Federal Rules of Civil Procedure (**FRCP**), and that:

> [FRCP] Rule 54(b) is designed to permit an immediate appeal from an otherwise final decision in a multi-claim . . . action. Under this rule, the power of a lower court to enter a certification of finality is limited to only those cases where (1) more than one claim for relief is presented . . . and (2) the judgment entered ***completely disposes of at least one claim[.]***

<u>Id.</u> at 133, 952 P.2d at 890 (emphasis added) (citing 10 J. Moore, W. Taggert & J. Wicker, <u>Moore's Federal Practice</u> ¶¶ 54.21[1] at

54-36, 54.22[1] at 54-40 – 54-41, and 54.22[2] at 54-42 (3d ed. 1997)).

In this case, the circuit court found that the Golf Course Lots were not listed in the Community Association's Supplemental Declaration. Accordingly, the circuit court granted summary judgment as to Counts III and IV of South Point's complaint, which sought declarations that the Golf Course Lots were not members of the Community Association. However, the Complaint's prayer also sought the following relief:

> G. That the [Community Association] be ordered to refund [South Point] any and all amounts paid to the [Community Association] as dues or assessments related to *the Subject Properties*[.]

(Emphasis added.) South Point's complaint defined the term "Subject Properties" to mean the "Commercial Lots *and Golf Course Lots*" (emphasis added). The circuit court did not completely dispose of South Point's claim concerning the Golf Course Lots because South Point's claim that the Community Association be ordered to refund all dues or assessments related to the Golf Course Lots has not been decided. The circuit court has not ruled whether the Community Association must refund South Point's dues or assessments related to the Golf Course Lots and, if so, in what amount. Under these circumstances, the circuit court did not have authority to certify South Point's partial summary judgment[5] as final. There being no judgment that resolves all claims against all parties or that contains a valid certification

---

[5] HRCP Rule 56 provides, in relevant part:

> (d) Case not fully adjudicated on motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

under HRCP 54(b), this appeal is dismissed for lack of appellate jurisdiction.  <u>Jenkins</u>, 76 Hawaiʻi at 119, 869 P.2d at 1338.

DATED:  Honolulu, Hawaiʻi, September 13, 2021.

On the briefs:

Roy A. Vitousek III,
Ryan M. Hamaguchi,
Mallory T. Martin,
for Plaintiff/Counterclaim
Defendant-Appellee
South Point Investment
Group, LLC.

John D. Zalewski,
Jana M. Naruse,
for Defendant-Appellant Discovery
Harbour Community Association.

Francis L. Jung,
Carol Monahan Jung,
for Defendant/Counterclaimant-
Appellant Discovery Harbour
Community Association.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge