**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000680
06-SEP-2022
08:11 AM
Dkt. 43 ODSLJ**

NO. CAAP-21-0000680

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KIRK CALDWELL, MAYOR, CITY AND COUNTY OF HONOLULU;
MANUEL P. NEVES, FIRE CHIEF, HONOLULU FIRE DEPARTMENT,
CITY AND COUNTY OF HONOLULU; HONOLULU FIRE DEPARTMENT,
CITY AND COUNTY OF HONOLULU; and CITY AND COUNTY OF HONOLULU,
Respondents-Appellants/Appellees, v.
HAWAII FIRE FIGHTERS ASSOCIATION, IAFF, LOCAL 1463, AFL-CIO,
Complainant-Appellee/Appellant, and
HAWAII LABOR RELATIONS BOARD; MARCUS R. OSHIRO;
SESNITA A.D. MOEPONO; and J N. MUSTO (2008-001),
Agency-Appellees/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-20-0001454)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Hiraoka, Presiding Judge, McCullen and Chan, JJ.)

Upon review of the record, we lack appellate jurisdiction over Complainant-Appellee/Appellant Hawaii Firefighters Association, IAFF, Local 1463, AFL-CIO's (**HFFA**) appeal from the "effective nullification" by operation of Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(3) (2016) of its post-judgment Motion for Attorney's Fees and Costs (**Motion for Fees**) by the Circuit Court of the First Circuit (**Circuit Court**) because no event has triggered the thirty-day time period for filing a notice of appeal pursuant to HRAP Rule 4(a)(1) and (3).

The Circuit Court's July 26, 2021 Final Judgment is an appealable final judgment pursuant to Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016), Hawaiʻi Rules of Civil Procedure (**HRCP**)

Rule 58, and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

Pursuant to HRAP Rule 4(a)(3), the thirty-day time period for filing a notice of appeal under HRAP Rule 4(a)(1) was extended when HFAA timely filed the August 6, 2021 Motion for Attorney's Fees and Costs (**Motion for Fees**) within fourteen days after entry of the Final Judgment, as required by HRCP Rule 54(d)(2)(B). The Motion for Fees invoked the following tolling provision in HRAP Rule 4(a)(3):

> (3) Time to appeal affected by post-judgment motions. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, and court or agency rules specify the time by which the motion shall be filed, then the time for filing the notice of appeal is extended for all parties until 30 days after entry of an order disposing of the motion. The presiding court or agency in which the motion was filed shall dispose of any such post-judgment motion by entering an order upon the record within 90 days after the date the motion was filed. If the court or agency fails to enter an order on the record, then, within 5 days after the 90th day, the clerk of the relevant court or agency shall notify the parties that, by operation of this Rule, the post-judgment motion is denied and that any orders entered thereafter shall be a nullity. The time of appeal shall run from the date of entry of the court or agency's order disposing of the post-judgment motion, if the order is entered within the 90 days, or from the filing date of the clerk's notice to the parties that the post-judgment motion is denied pursuant to the operation of the Rule.
>
> The notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order.

The ninetieth day after HFFA filed the Motion for Fees was November 5, 2021. To date, the Circuit Court has not entered an order disposing of the motion, and the Circuit Court Clerk has not filed the notice required by HRAP Rule 4(a)(3).

In <u>Sanchez v. Sanchez</u>, No. CAAP-17-0000407, 2021 WL 4777103, at *5 (App. Oct. 13, 2021) (SDO), we noted that, under HRAP Rule 4(a)(3),

> the deemed denial [of a post-judgment motion] and the nullification of future orders stem not just from the trial court's failure to timely take action, but from two steps: (1) the trial court's failure to enter an order disposing of a timely-filed post-judgment tolling motion; **and** (2) the clerk of the court's

2

> notification to the parties that the post-judgment
> motion is deemed denied by operation of the rule and
> that any orders entered thereafter shall be a nullity.

Id. (emphasis added).  We further noted that "HRAP Rule 4(a)(3) does not contemplate this dual failure of both the court and the court's clerk to execute the requirements of the rule," but interpreting HRAP Rule 4(a)(3) to automatically deem a post-judgment motion as being denied 90 days after it was filed would "render[] superfluous the requirement that the clerk provide notice to the parties of the deemed denial."  Id. at *8.  Accordingly, we held that the trial court did not lack jurisdiction to enter an order granting the motion, outside the 90-day deadline.  Id.

Based on the above, the Circuit Court here retains jurisdiction to enter an order disposing of the Motion for Fees, and until it does so, or the clerk enters a notice that the Motion for Fees is denied by operation of HRAP Rule 4(a)(3), no event has triggered the thirty-day time period for filing a notice of appeal under HRAP Rule 4(a)(1) and (3).  Therefore, the HFFA's December 3, 2021 Notice of Appeal is premature as to a disposition of the Motion for Fees.

In situations where the record on appeal indicates that all claims against all parties have been resolved and the only event lacking for the perfection of an aggrieved party's right to appeal is the entry of the final judgment, we will invoke HRS § 602-57(3) (2016), and temporarily remand the matter for entry of a final judgment.  Waikiki v. Hoʻomaka Village Association of Apartment Owners, 140 Hawaiʻi 197, 398 P.3d 786 (2017); see also, State v. Joshua, No. SCWC-16-0000800, 2017 WL 4586328, at *1 (Haw. Oct. 16, 2017).  However, the circumstances of the instant case are distinguishable from those in Waikiki and Joshua because the record on appeal does not indicate that the Circuit Court has expressed its final decision regarding the Motion for Fees; absent an appealable final post-judgment order, we lack appellate jurisdiction, and the appeal is premature.  See L.D. v. T.G., No. CAAP-17-0000615, 2017 WL 6438546, at *3 (App. Dec. 18, 2017)

3

(Order Regarding October 23, 2017 Motion to Determine Appellate Jurisdiction and Dismissing Appeal for Lack of Appellate Jurisdiction).

Therefore, IT IS HEREBY ORDERED that case number CAAP-21-0000680 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that the appellate court clerk shall transmit a copy of this order to the Circuit Court Clerk.

DATED:  Honolulu, Hawaiʻi, September 6, 2022.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge