**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000176
19-SEP-2025
07:56 AM
Dkt. 98 SO**

NO. CAAP-23-0000176

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSR
MORTGAGE LOAN TRUST 2006-3F, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-3F, Plaintiff-Appellee, v.
JEFFERSON HALONA YOUNG; LINDA D. YOUNG; BANK OF AMERICA,
N.A.; DEPARTMENT OF TAXATION - STATE OF HAWAII; PALEHUA
COMMUNITY ASSOCIATION, Defendants-Appellees,
and
GABI KIM COLLINS, Defendant-Appellant,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS
1-20; DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS
1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC161001282)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Hiraoka, JJ.)

Gabi Kim **Collins**, representing herself, appeals from
the **Judgment** for **U.S. Bank** N.A. entered by the Circuit Court of
the First Circuit on August 1, 2025.[1] She challenges the **Order**
*Confirming Foreclosure Sale* and the **Writ** *of Ejectment*, also
entered on August 1, 2025. We affirm.

U.S. Bank filed a mortgage foreclosure complaint on
July 5, 2016. The mortgagors were Jefferson Halona Young and
Linda D. Young. The Youngs had quitclaimed the property to

---

[1] The Honorable James H. Ashford presided.

Collins. A *Foreclosure Judgment* was entered on March 16, 2020. Collins appealed. We affirmed. U.S. Bank N.A. v. Young, No. CAAP-20-0000495, 2024 WL 4249945 (Haw. App. Sept. 20, 2024) (SDO) (**Collins I**), cert. rejected, No. SCWC-20-0000495, 2025 WL 643987 (Haw. Feb. 25, 2025).

The commissioner reported on the foreclosure sale on September 16, 2022. U.S. Bank moved to confirm the sale. On January 17, 2023, we entered an order in Collins I temporarily staying proceedings in the Circuit Court. The stay was extended by order entered on March 30, 2023. The stay expired by its terms on May 1, 2023, after Collins did not file a supersedeas bond in the Circuit Court by that date.

On February 17, 2023 (while the case was stayed), the Circuit Court entered an order confirming the foreclosure sale, a judgment confirming the foreclosure sale, and a writ of ejectment. Collins appealed. We temporarily remanded the case for re-entry of the order, judgment, and writ. See Waikiki v. Hoʻomaka Vill. Ass'n of Apartment Owners, 140 Hawaiʻi 197, 204, 398 P.3d 786, 793 (2017); Hawaii Revised Statutes § 602-57(3) (2016). The Order, Judgment, and Writ were entered on August 1, 2025.

Collins states the following points of error: (1) the order confirming the foreclosure sale, judgment confirming the foreclosure sale, and writ of ejectment are void because they were entered in violation of the temporary stay; (2) newly discovered evidence shows fraud; (3) the Circuit Court applied the wrong statute of limitations; (4) the Circuit Court failed to stop the imposter after new evidence exposed fraud; and (5) the Circuit Court failed to review her constitutional challenge to the statute of limitations. The argument section of Collins's brief does not follow her points of error. We have attempted to connect the arguments to the points of error; points not argued are deemed waived. Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7). Non-jurisdictional argument not corresponding to a point of error is disregarded. HRAP Rule 28(b)(4).

2

**(1)** Although not stated in a point of error, we must first address Collins's argument that the Circuit Court lacked jurisdiction over the foreclosure action. Lack of subject matter jurisdiction can never be waived and may be raised at any time. Yamane v. Pohlson, 111 Hawai'i 74, 83, 137 P.3d 980, 989 (2006). Collins argues the Circuit Court lacked jurisdiction because the six-year statute of limitations should have been applied. Her argument lacks merit. Even if a six-year limitation period applied,[2] "the expiration of a statute of limitations does not terminate a court's jurisdiction over the subject matter." State v. Timoteo, 87 Hawai'i 108, 114, 952 P.2d 865, 871 (1997).

**(2)** The February 17, 2023 order, judgment, and writ were entered while proceedings were stayed. The Circuit Court cured the procedural error by entering the August 1, 2025 Order, Judgment, and Writ on temporary remand.[3] Collins's notice of appeal is considered filed immediately thereafter. HRAP Rule 4(a)(2).

**(3)** Collins challenges U.S. Bank's standing to pursue the foreclosure action. Standing goes to the merits of the Foreclosure Judgment. An appellant cannot challenge the merits of a foreclosure decree on appeal from an order confirming the foreclosure sale. Bank of New York Mellon v. R. Onaga, Inc., 140 Hawai'i 358, 368, 400 P.3d 559, 569 (2017).

**(4)** Collins argues U.S. Bank did not own the Youngs' debt and defrauded the Circuit Court. She made the argument in opposition to U.S. Bank's motion to confirm the foreclosure sale.

---

[2] It doesn't. Bank of New York Mellon v. White, 156 Hawai'i 246, 250, 573 P.3d 629, 633 (2025) ("The statute of limitations for mortgage foreclosure actions is twenty years per HRS § 657-31.").

[3] Collins moved to strike the Order, Judgment, and Writ. She questioned the propriety of the Circuit Court's entry of those documents the same day as the entry of the order of temporary remand. The order of temporary remand did not require that U.S. Bank resubmit the documents, so Rule 23 of the Rules of the Circuit Courts of the State of Hawai'i did not apply. The commissioner's signatures approving the form of the original order and judgment are identical to the signatures on the re-entered Order and Judgment. It appears the Circuit Court simply amended the date, judge's signature, and seal on the original documents before re-entering them. The record reflects no impropriety.

She did not move for relief from the Foreclosure Judgment under Hawaiʻi Rules of Civil Procedure Rule 60(b)(3); the deadline to do so had expired by the time U.S. Bank moved to confirm the foreclosure sale.  We decline to consider the argument in this appeal from confirmation of the foreclosure sale.  See R. Onaga, 140 Hawaiʻi at 368, 400 P.3d at 569.

**(5)**  Collins makes several arguments that the Circuit Court applied the wrong statute of limitations.  They go to the merits of the Foreclosure Judgment, which Collins cannot challenge in this appeal from confirmation of the foreclosure sale.  R. Onaga, 140 Hawaiʻi at 368, 400 P.3d at 569.  Even if she could, her arguments lack merit.  "The statute of limitations for mortgage foreclosure actions is twenty years per HRS § 657-31."  Bank of New York Mellon v. White, 156 Hawaiʻi 246, 250, 573 P.3d 629, 633 (2025).

**(6)**  An order confirming a foreclosure sale is reviewed for abuse of discretion.  U.S. Bank Tr., N.A. v. Ass'n of Apartment Owners of Waikoloa Hills, 150 Hawaiʻi 573, 581, 506 P.3d 869, 877 (App. 2022).  Collins did not argue to the Circuit Court, and does not argue on appeal, that the sale price was "so grossly inadequate as to shock the conscience."  HawaiiUSA Fed. Credit Union v. Monalim, 147 Hawaiʻi 33, 48, 464 P.3d 821, 836 (2020).  Nor does she argue that U.S. Bank "failed to exercise reasonable diligence and good faith in an endeavor to obtain the best possible prices consistent with such diligence and good faith."  Kondaur Cap. Corp. v. Matsuyoshi, 136 Hawaiʻi 227, 235, 361 P.3d 454, 462 (2015).  The record does not show that the Circuit Court abused its discretion by granting the motion to confirm the foreclosure sale.

The *Order Confirming Foreclosure Sale*, the *Judgment*, and the *Writ of Ejectment*, all entered on August 1, 2025, are affirmed.  Collins's August 11, 2025 *Motion to Vacate and Set Aside Order Confirming Foreclosure Sale, Judgment, and Writ of*

4

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

*Ejectment*, which we construe as a motion for reconsideration of our August 1, 2025 *Order for Temporary Remand*, is denied.

DATED: Honolulu, Hawai'i, September 19, 2025.

On the briefs:

Gabi Kim Collins,
Self-represented
Defendant-Appellant.

Matthew P. Holm,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge